UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Marcus A. Nussbaum, Esq. (MN 9581)
FISHKIN, GURSHUMOV & NUSSBAUM, P.C.
3059 Brighton 7th Street, 1st Fl.
Brooklyn, NY 11235
Tel: 718-509-0609
Fax: 347-572-0439
service@ocean.law
*Attorneys for Plaintiff*

| | |
|---|---|
| NILUFAR NIZAMKHODJAEVA,<br><br>*Plaintiff,*<br><br>– vs. –<br><br>CHAMPIONS SPORTS CENTER INC. and MERAL OLMEZ,<br><br>*Defendants.* | CIVIL ACTION NO. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff NILUFAR NIZAMKHODJAEVA ("Plaintiff") by her undersigned attorneys, FISHKIN, GURSHUMOV & NUSSBAUM, P.C., by and for her complaint against the defendants herein, states and alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.  Venue is proper in this District because Defendants conduct business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant CHAMPIONS SPORTS CENTER INC. ("CSC") is a New York corporation that owns and operates a sports club that offers Karate instruction, Yoga, and Dodgeball for children in Brooklyn, NY (collectively referred to with CSC as the "Club").

5. The Club's primary place of business is located at 3052 Brighton 1st Street, Brooklyn, NY 11235.

6. Upon information and belief, CHAMPIONS SPORTS CENTER INC. has an annual gross volume of sales in excess of $500,000.

7. CHAMPIONS SPORTS CENTER INC. is owned, operated and managed by Defendant MERAL OLMEZ.

8. Defendant Meral Olmez exercises sufficient control of the Club's day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

9. Defendant Meral Olmez is regularly present at the Club during business hours, supervising the Club's employees.

10. Defendant Meral Olmez both hires and fires employees at the Club, including Plaintiff.

11. Defendants MERAL OLMEZ and CSC control employees' schedules and rates of pay, including Plaintiff's rate of pay.

12. To the extent that employment records are kept for employees, Defendants MERAL OLMEZ and CSC maintain those records.

## FACTUAL BACKGROUND

13.     Plaintiff NILUFAR NIZAMKHODJAEVA was employed on an hourly basis by defendants from about October 26, 2019 until December 21, 2019.

14.     During the course of plaintiff's employment by defendants, plaintiff accepted and unpacked mail and/or deliveries shipped, mailed, or otherwise delivered to the Club via various carriers, including, but not limited to the United States Postal Service, United Parcel Service, Inc. ("UPS") and others.

15.     During the course of plaintiff's employment by defendants, plaintiff relocated, carried, or otherwise moved equipment, deliveries, and/or and supplies for the Club to various locations within the Club's place of business.

16.     During the course of plaintiff's employment by defendants, plaintiff performed cleaning services within the Club's place of business.

17.     During the course of plaintiff's employment by defendants, plaintiff answered phone calls for the Club and interacted with customers and clients of the Club at the front desk located at the entrance of the Club.

18.     Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

19.     Defendants knew that nonpayment of wages due and owing would economically injure Plaintiff and violated federal and state laws.

20.     Defendants knew that nonpayment of the overtime premium would economically injure Plaintiff and violated federal and state laws.

21.     Plaintiff's shifts during weekdays regularly lasted from 3:00 p.m. until at least 10:00 p.m., when the Club closed. Plaintiff often stayed later than that, depending on whether customers and clients remained at that point and whether or not plaintiff was required to perform

cleaning duties and/or other manual tasks described herein.

22. Plaintiff's shifts during weekends regularly lasted from 11:30 a.m. until at least 11:00 p.m., when the Club closed. Plaintiff often stayed later than that, depending on whether customers and clients remained at that point and whether or not plaintiff was required to perform cleaning duties and/or other manual tasks described herein.

23. On a regular basis, plaintiff was required to show up for work at least one hour prior to her assigned start time for purposes of preparing the Club for opening, for which she was not compensated.

24. Plaintiff worked anywhere between 3-5 shifts per week during her employment with Defendants.

25. Plaintiff's only source of compensation for the work she performed for Defendants was a bi-weekly cash payment which varied in amount but at all times was below the applicable minimum wage.

26. Defendants did not pay plaintiff for each and every hour that she worked for defendants.

27. Defendants did not pay Plaintiff for overtime when Plaintiff worked in excess of 40 hours.

28. Defendants did not pay Plaintiff any "spread of hours" premium when Plaintiff's workday lasted longer than 10 hours.

29. Defendants did not give Plaintiff weekly wage statements that included Plaintiff's actual hours worked.

30. Defendants did not give Plaintiff a Notice and Acknowledgment of Pay Rate at the beginning of her employment, as required by NYLL § 195.

31. Defendants did not pay plaintiff for the hours that she worked during the first two (2) weeks of her employment, explaining that plaintiff's pay for the first two weeks of work would be given to her upon termination of her employment. That payment was never provided to plaintiff.

32. Defendants additionally failed to pay plaintiff for the last two (2) weeks of her employment, without explanation.

## DISCRIMINATION ALLEGATIONS

33. Throughout Plaintiff's employment with Defendants, she was subjected to ethnic/national origin discrimination, discrimination based upon caregiver status, and intense emotional abuse by Defendant MERAL OLMEZ.

34. For example, Defendant MERAL OLMEZ on a regular basis told Plaintiff, "…you Uzbeks are never reliable…".

35. For example, Defendant MERAL OLMEZ on a regular basis also chastised plaintiff for not accepting weekend shifts due to plaintiff's need to attend to family matters, which included plaintiff's need to attend to her duties as a caregiver for a family member.

36. On one occasion, Defendant MERAL OLMEZ openly joked about a medical condition from which plaintiff's family member suffers, and handed plaintiff an advertisement for the sale of that which caused said condition, telling plaintiff: "...this is for [family member]...".

37. Defendant MERAL OLMEZ on a regular basis also berated plaintiff in front of customers and staff, by calling into question plaintiff's honesty and integrity.

38. On a regular basis, Defendant MERAL OLMEZ would throw a 'temper tantrum', and throw office supplies around the room and shout at plaintiff and/or make physically intimidating motions towards plaintiff as if to infer that defendant could strike plaintiff.

39. At this point, Plaintiff could no longer handle Defendant MERAL OLMEZ's abuse, and she had no choice but to leave her employment at the Club.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, et seq.)
### Brought Against all Defendants

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

42. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

43. Plaintiff seeks damages in the amount of her unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 et seq.)
### Brought Against all Defendants

44. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45. During the statute of limitations period covered by these claims, Plaintiff did work in excess of forty (40) hours per workweek on at least one occasion.

46. At all relevant times, Defendants had operated under a decision, policy and plan of willfully failing and refusing to pay Plaintiff at one and one half times her regular hourly rate for work in excess of forty (40) hours per workweek and willfully failing to keep records

required by the FLSA and relevant regulations, even though Plaintiff had been entitled to overtime.

47. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times her regular rate for hours worked in excess of forty (40) hours per workweek.

48. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 et seq.)**
**Brought Against all Defendants**

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

50. Defendants knowingly and willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

51. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L.**
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**
**Brought Against all Defendants**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty

(40) hours in any workweek.

54. Defendants willfully failed to pay Plaintiff at the required overtime rate of one and-one-half times her regular rate for hours worked in excess of forty (40) hours per workweek.

55. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**Brought Against all Defendants**

56. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

57. Defendants did not provide Plaintiff with the correct notices and/or statements required by N.Y. Lab. Law § 195.

58. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions, N.Y. Lab. L. § 650 et seq.,**
**N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6)**
**Brought Against all Defendants**

59. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

60. Plaintiff had workdays that lasted more than ten (10) hours.

61. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when her workdays lasted more than ten (10) hours, as required by New York law.

62. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SEVENTH CLAIM FOR RELIEF
(New York City Human Rights Law ("NYCHRL")
N.Y. Admin. Code §§ 8-101 et seq. – Ethnic/National Origin discrimination, Discrimination Based Upon Caregiver Status, and Intense Emotional Abuse)
Brought by Plaintiff Against all Defendants

63. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64. A copy of this Complaint will be delivered to the New York City Corporation Counsel.

65. In violation of the NYCHRL, Defendants discriminated against and/or aided and abetted discrimination against Plaintiff on the basis of her Ethnic/National Origin, and her status as a caregiver, and constructively discharged her.

66. As a direct and proximate result of Defendants' discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

67. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

68. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

69. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and

medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B.    Penalties available under applicable laws;

C.    An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, and punitive damages, to be paid by Defendants;

D.    Costs of action incurred herein, including expert fees;

E.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

F.    Pre-judgment and post-judgment interest, as provided by law; and

G.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: February 18, 2020        Respectfully submitted,

**FISHKIN, GURSHUMOV & NUSSBAUM, P.C.**

By:    /s Marcus Aurelius Nussbaum
Marcus A. Nussbaum, Esq. (MN 9581)
3059 Brighton 7th Street, 1st Fl.
Brooklyn, NY 11235
Tel: 718-509-0609
Fax: 347-572-0439
service@ocean.law
*Attorneys for Plaintiff*